UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

FILED
AUG 1 2003
LARRY W. PROPES, CLERK
COLUMBIA, SC

FRIENDS OF THE EARTH, INC., *et al.*, )
)
                Plaintiffs, )
)
v. )
                                 ) Civil No. 3:92-2574-O
GASTON COPPER RECYCLING )
CORPORATION, )
)
                Defendant. )
)

## PLAINTIFFS' MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW AND TO ALTER OR AMEND JUDGMENT

Plaintiffs herein move pursuant to Rules 52(b) and 59 of the Federal Rules of Civil Procedure that the Court amend its Findings of Fact and Conclusions of Law issued on July 18, 2003, and as to which a Judgment was entered on July 21, 2003.

Plaintiffs request the Court to make additional Findings of Fact and Conclusions of Law as to standing. As explained more fully in the attached Memorandum, plaintiffs learned for the first time on July 29, 2003, that Wilson O. Shealy, a member of Citizens Local Environmental Action Network (CLEAN), died on September 22, 2002. The facts concerning Mr. Shealy's interests in the discharge of pollutants from the Gaston Copper Recycling Corporation were the basis for the Court of Appeals for the Fourth Circuit to conclude that CLEAN had standing to prosecute this citizen enforcement suit. *Friends of the Earth v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 156-164 (4th Cir. 2000) (en banc). Based on the opinion of the court of appeals, and well-established Supreme Court precedent, this Court determined that there was no need for it to address separately whether Friends of the Earth also had standing. Slip op., p. 3 & n. 1.

172

In light of Mr. Shealy's death, the basis for the standing of CLEAN no longer exists. However, the record contains evidence that Guy Jones, a member of both Friends of the Earth and CLEAN, and William McCollough, a member of Friends of the Earth, who both testified at trial, also have standing to maintain this action. Plaintiffs set forth proposed Findings of Fact and Conclusions of Law concerning the standing of CLEAN and Friends of the Earth based on Mr. Jones' and Mr. McCollough's testimony in Plaintiffs' Post-Remand Proposed Findings of Fact and Conclusions of Law, submitted on February 28, 2001. Those Findings and Conclusions, as slightly modified, are attached hereto in Plaintiffs' Exhibit 1. Plaintiffs respectfully request that the Court amend its Findings of Fact and Conclusions of Law to make additional findings and conclusions concerning the standing of the plaintiff organizations based on the evidence concerning Mr. Jones' and Mr. McCollough's use of the downstream waters.

In the alternative, as to plaintiffs' standing, if the Court believes that it is unable to conclude whether CLEAN and Friends of the Earth have standing to maintain this action on the present record, plaintiffs move this Court, pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, to reopen the record in order to allow plaintiffs to present additional evidence as to their standing. Even before the death of Mr. Shealy, the court of appeals specifically granted this Court discretion to do so: "We leave to the discretion of the district court whether to reopen the record for further testimony on the question of FOE's standing." 204 F.3d at 161, n. 1. Plaintiffs submit that if the Court has any doubt as to the continued standing of CLEAN and Friends of the Earth after the death of Mr. Shealy, they should be permitted to make a further record on the issue of standing.

A proposed order is attached.

Respectfully submitted,

*Kathleen L. Millian*

BRUCE J. TERRIS
KATHLEEN L. MILLIAN
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC 20005
(202) 682-2100


ROBERT GUILD
ID # 2499
314 Pall Mall
Columbia, SC 29201

Counsel for Plaintiffs

August 1, 2003