FILED 
AUG 2 9 2003
LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| FRIENDS OF THE EARTH, INC., and CITIZENS LOCAL ENVIRONMENTAL ACTION NETWORK, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>GASTON COPPER RECYCLING CORPORATION,<br><br>Defendant. | Civil Action No. 3:92-2574-0<br><br>DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW AND TO ALTER OR AMEND JUDGMENT |

## PLAINTIFFS CANNOT ESTABLISH STANDING

Neither Guy Jones, nor William McCollough can establish the requisite potential for injuries in fact to establish standing in this case.

To meet the constitutional minimum for standing "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct." *Allen v. Wright*, 468 US 737 at 751. The injury in fact prong requires that a plaintiff suffer an invasion of a legally protected interest which is concrete and particularized, as well as <u>actual</u> and in imminent, *Lujan v. Defenders of Wildlife*, 504 US 555 at 560.

Applying these requirements to Mr. Jones' activity on the North Fork of the Edisto it is obvious that he has neither suffered, nor can establish in the future, an injury in fact arising from GCRC's operations. The Fourth Circuit found in *Friends of the Earth v. Gaston Copper*

*Recycling*, 204 F3d 149 (4th Cir. 2000) that Mr. Shealy had suffered an injury in fact from GCRC's operations based on the following:

1. He owned a sixty-two acre lake created from damming up Bull Swamp Creek four miles downstream from Lake Watson (Lake Watson's overflow drains into Boggy Branch which in turn drains into Bull Swamp Creek).

2. In the 1980's, when AT&T operated the facility, concentrations of parameters discharged from the plant were found in the sediment of the lake.

3. The family's activities of fishing and swimming in the lake were greatly curtailed because of this. Hence, he and his family's enjoyment of the lake were greatly diminished.

4. The value of his property was decreased as a result of the concentration of parameters found in the lake.

By comparison, Mr. Jones operates canoeing excursions on the North Fork of the Edisto from Rowesville to Branchville. It is twelve miles from Mr. Shealy's lake to where Bull Swamp Creek joins the North Fork of the Edisto. There is no evidence of the distance from this point to Branchville where Mr. Jones exits the river.

Furthermore, there is no evidence of concentrations of any of GCRC's parameters reaching the confluence of Bull Swamp Creek and the North Fork of the Edisto 16.5 miles downstream from the discharge from Lake Watson, much less to Branchville, nor could there be. The fish studies clearly establish that of all the parameters contained in GCRC's permit, only copper and lead are found at Station 5 which is located at the outfall of Lake Watson in Boggy Branch or at Station 6 on Bull Swamp Creek upstream from Shealy's lake. Furthermore, those elements are in concentrations naturally occurring throughout the State. Additionally, between

Lake Watson and Shealy's lake are 32 impoundments. Each impoundment, including Shealy's acts as a settling basis, as does Lake Watson, where heavy metal settles on the water. Consequently, it is impossible for any of the heavy metals, whether within permit limits or not, discharged by GCRC to reach beyond Shealy's Lake, much less to Bull Swamp Creek's confluence with the North Fork of the Edisto 12.5 miles farther downstream. The fish studies prove this. Additionally, Mr. Jones' activities take place an unspecified distance past the confluence of Bull Swamp Creek to an area between Rowesville and Branchville.

There is also no evidence that Mr. Jones' commercial activities have been impacted by GCRC's operations.

Mr. McCullough's scuba diving and boating activities on the Edisto are even more remote.

Neither can possibly establish an injury in fact from GCRC's operation. The remoteness of the locations of their activities from GCRC's operations insulates them from any conceivable impact. There can be no threatened injury, Babbit v. United Farm Workers Nat'l Union, 442 US 289 at 298. "The relevant showing for the purposes of Article III standing is not injury to the environment, but injury to the Plaintiff." FOE v. GCRC, *supra*. In view of the record in this case, neither Mr. Jones nor Mr. McCullough, can establish by any objective evidence a reasonable fear or concern about the effects of GCRC's discharge.

Consequently, there is no basis for reopening the record for further testimony as to FOE's or CLEAN's standing.

## PLAINTIFFS HAVE FAILED TO ESTABLISH ANY BASIS UNDER RULE 59(a) FOR REOPENING THE RECORD ON THE ISSUE OF STANDING

Without citation to any relevant standard under Rule 59(a) of the Federal Rules of Civil Procedure, Plaintiffs ask this Court to reopen the record on the issue of their standing "if the

Court believes that it is unable to conclude whether CLEAN and Friends of the Earth have standing to maintain this action on the present record." (Pls.' Mot. to Am. Findings of Fact and Conclusions of Law and to Alter or Am. Judgment, at 2). Because Plaintiffs have moved this Court to reopen the record after the entry of Judgment, their request is analogous to a motion for a partial new trial pursuant to Fed.R.Civ.P. 59(a). *Cf.* 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2804 (1995).[1]

Although granting a partial new trial lies within the discretion of the court, district courts have exercised restraint in granting such partial new trials. Rule 59(a) is "intended to correct manifest errors of law or fact or to present newly discovered evidence." *Adams v. James*, 526 F. Supp. 80, 86 (M.D. Ala. 1981). "Motions under Rule 59 are granted to non-jury cases on the grounds that 'evidence has been admitted or excluded improperly, evidence has been newly discovered, or improper actions of counsel have affected the outcome of the case.'" *Id.* at 86. Here, Plaintiffs have failed to make any such showing.

The only reason Plaintiffs articulate for reopening the record on the issue of their standing is to resolve any doubts as to the continued standing of CLEAN and FOE after the death of CLEAN member Wilson O. Shealy. (Pls.' Mot. to Am. Findings of Fact and Conclusions of Law and to Alter or Am. Judgment, at 2). However, Plaintiffs fail to point to any manifest error committed by this Court, nor do they point to any new evidence concerning their standing. Instead, they merely seek to relitigate an issue on which they had every opportunity to present evidence at trial and as to which they presented detailed proposed findings of fact and conclusions of law in February 2001. This court should resist allowing Plaintiffs, who failed to present their strongest case at trial, a second opportunity to do so through a motion for partial new trial. *See United States v. Local 1804-1, Int'l Longshoremen's Assn.*, 831 F. Supp 167, 169

---

[1] Plaintiffs apparently recognize as much as they have moved this Court pursuant to that Rule.

(S.D.N.Y. 1993) ("a party who realizes, with the acuity of hindsight, that he failed to present his strongest case at trial, is not entitled to a second opportunity by moving to amend a finding of fact or conclusion of law").

Plaintiffs' sole authority for their alternative motion is a citation to the Fourth Circuit Court of Appeals' decision in this case. There, the Court of Appeals acknowledged this Court's discretion to reopen the record for further testimony on the question of FOE's standing. *See Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 161 n.1 (4th Cir. 2000). It is axiomatic, however, that the Court of Appeals' recognition of this Court's inherent discretion is far different from a showing that the exercise of such discretion is required or warranted. The Court of Appeals did not mandate that this Court inquire into FOE's standing on remand, and Plaintiffs failed to move this Court to take such action upon the return of the case to this Court. Plaintiffs' belated attempt to reopen the record fails to satisfy Rule 59(a), and should be rejected.

Respectfully submitted,

Harold W. Jacobs, ID #2055
NEXSEN PRUET JACOBS POLLARD & ROBINSON, LLC
205 King Street, Suite 400
P.O. Box 486
Charleston, South Carolina 29402
(843) 577-9440
ATTORNEYS FOR DEFENDANT

August 26, 2003
Charleston, South Carolina

NPCHAR1:226784.1-MM-(HWJ) 017471-00003

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| FRIENDS OF THE EARTH, INC., and CITIZENS LOCAL ENVIRONMENTAL ACTION NETWORK, INC., <br><br>Plaintiffs,<br><br>vs.<br><br>GASTON COPPER RECYCLING CORPORATION,<br><br>Defendant. | Civil Action No. 3:92-2574-0<br><br><br><br>CERTIFICATE OF SERVICE |

This is to certify that a copy of the foregoing **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW AND TO ALTER OR AMEND JUDGMENT** has been served upon the following counsel of record by placing a copy of the same in the United States mail, first class postage prepaid, addressed to the following as show below this 29 day of August, 2003.

Bruce J. Terris, Esquire
Kathleen L. Millian, Esquire
Terris, Pravlik & Millian, L.L.P.
1121 12th Street, N.W.
Washington, D.C. 20005

Robert Guild, Esquire
314 Pall Mall
Columbia, South Carolina 29201

_____
Secretary to Harold W. Jacobs
NEXSEN PRUET JACOBS POLLARD &
ROBINSON, LLC
205 King Street, Suite 400
P.O. Box 486
Charleston, South Carolina 29401
Telephone: (843) 577-9440

1