**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Friends of the Earth, Inc., and ) | CIVIL ACTION NO. 3:92-2574-0 | |
| Citizens Local Environmental ) | | |
| Action Network, Inc., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | **ORDER** | |
| v. ) | | |
| ) | | |
| Gaston Copper Recycling ) | | |
| Corporation, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

On July 18, 2003, this Court entered its FINDINGS OF FACT and CONCLUSIONS OF LAW in accordance with a decision by the United States Court of Appeals for the Fourth Circuit reversing this Court's May 1998 decision that dismissed the action for lack of jurisdiction. The action was commenced by the Plaintiffs Friends of the Earth, Inc. (FOE) and Citizens Local Environmental Action Network, Inc. (CLEAN) against the Defendant Gaston Copper Recycling Corporation (the "Defendant") under the Clean Water Act, 33 U.S.C. §§ 1251-1387. The Plaintiffs allege that the Defendant Gaston Copper has illegally discharged a variety of pollutants into a South Carolina waterway. The Plaintiffs seek a declaratory judgment and other remedies in accordance with the Clean Water Act.

In its answer, the Defendant *inter alia* denied the principal allegations of the complaint and, additionally, asserted that the Plaintiffs lack standing to prosecute this action and it sought the dismissal thereof. Upon consideration of the evidence pertaining to the Plaintiffs' standing, this Court concluded that the evidence failed to establish that any of the Plaintiffs' members had suffered injury that was causally related to the Defendant's alleged

conduct and that therefore, neither of the Plaintiffs have standing to prosecute the action. Friends of the Earth v. Gaston Copper Recycling Corp., 9 F. Supp.2d 589 (D.S.C. 1998). A divided panel of the United States Court of Appeals for the Fourth Circuit affirmed this Court's decision. Friends of the Earth v. Gaston Copper Recycling Corp., 179 F.3d 107 (4th Cir. 1999). Upon rehearing *en banc,* the Court of Appeals observed that "Wilson Shealy, a CLEAN member who owns a lake only four miles downstream from Gaston Copper's facility, testified that the illegal discharges caused him and his family to reduce their use of his lake" and that "CLEAN also submitted various federal, state and private studies as evidence that the pollutants released by Gaston Copper adversely affected or threatened Shealy's lake." Therefore, the Court of Appeals *en banc* held that Shealy and hence CLEAN, have standing to sue." The Court vacated the panel opinion, reversed this Court's judgment and remanded the case to this Court for a determination of whether Gaston Copper has discharged pollutants in excess of its permit limits. Friends of the Earth v. Gaston Copper Recycling Corp., 204 F.3d 149 (4th Cir. 2000). Thereafter, this Court entered its FINDINGS OF FACT and CONCLUSIONS OF LAW holding that "the Defendant is liable for its violations of the Federal Water Pollution Prevention and Control Act, 33 U.S.C. §§ 1251-1387." The Court ordered the Defendant *inter alia* to pay a civil penalty for its violations of the Act.

      The case is now before the Court pursuant to motions by the parties to vacate, alter or amend the FINDINGS OF FACT and CONCLUSIONS OF LAW. Several of these motions relate to the issue of the Plaintiffs' standing to prosecute the action and are here discussed and decided as a threshold issue.

**I.**

The United States Court of Appeals for the Fourth Circuit reversed this Court's decision dismissing the action for lack of standing by the Plaintiffs. Friends of the Earth v. Gaston Copper Recycling Corp., 204 F.3d 149 (4th Cir. 2000). The Court of Appeals held that CLEAN member Wilson Shealy "plainly demonstrated injury in fact" and that he produced evidence of actual or threatened injury to a waterway in which he has a legally protected interest. Id. at 156. The Court of Appeals stated as follows:

> [T]he claims to injury of FOE members Jones and McCullough, however, present closer questions. The district court has not had an opportunity to consider their claims in light of the Supreme Court's standing analysis in Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167 (2000). We, therefore, remand Jones' and McCullough's assertions of standing to the district court for evaluation in light of Laidlaw. We leave to the discretion of the district court whether to reopen the record for further testimony on the question of FOE's standing. Friends of the Earth v. Gaston Copper Recycling Corp., 204 F.3d 149, 160 n.1 (4th Cir. 2000).

The Court is advised that in 2002, prior to entry of this Court's FINDING OF FACTS and CONCLUSIONS OF LAW, CLEAN member Wilson Shealy died. Thereafter, following entry of this Court's decision, the Plaintiffs filed a motion pursuant to Rules 52(b) and 59 of the Federal Rules of Civil Procedure to amend the FINDINGS OF FACT and CONCLUSIONS OF LAW and to alter or amend the judgment to recognize that Plaintiff Friends of the Earth has standing to prosecute this action. The Plaintiffs argue that the record contains evidence that Guy Jones, a member of both FOE and CLEAN, and William McCullough, a member of FOE, who both testified at trial, also have standing to maintain this action. The Plaintiffs argue that Mr. Jones and Mr. McCullough are users of the downstream waters of the North Fork of the Edisto River and the Edisto River and that both

of them have health, recreational, aesthetic and environmental interests in the downstream waters. They argue that the record of evidence establishes that McCullough has gone scuba diving in the Edisto River downstream from the Defendant's facility and that he intends to do so again. (Trial Tr. I, pp. 106-108.) Jones owns a company called River Runner that guides approximately 15 canoe trips a year on the North Fork of the Edisto River and the main stem of the Edisto River downstream from the Defendant's facility. (Trial Tr. I, pp. 92-95.) The Plaintiffs argue that Jones also has an economic interest in the cleanliness of these waters. The Plaintiffs argue that during canoe trips, Jones and other guides enter the river water to swim or wade. (Id. p. 96.) They argue that both McCullough and Jones are concerned about the pollution emanating from the Defendant's facility. Jones testified that "[o]n the Edisto River, the heavy metals that may be present from the Gaston Copper plant pose a very real concern." (Id. at 97; see also McCullough testimony, Trial Tr. I, pp. 108-110.)

The Defendant opposes the Plaintiffs' effort to persuade the Court that the record of evidence establishes that FOE members Jones and McCullough and hence FOE, have standing to prosecute this action. The Defendant points to the record evidence that the distance from Mr. Shealy's lake to where Bull Swamp Creek joins the North Fork of the Edisto is twelve miles and argues that there is no evidence of the distance from that point to Branchville where Jones exits the river. The Defendant points to the absence of evidence that Mr. Jones' commercial activities have been adversely affected by the Defendant's operations. These and other arguments were considered by the Court prior to the decision dismissing the action for lack of standing by the Plaintiffs.

The Court of Appeals has directed this Court to further consider the standing of Jones

and McCullough in the light of Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167 (2000). In that case, Laidlaw contended that FOE lacked standing from the outset because the plaintiff could not prove that any of their members had sustained or faced the threat of any "injury in fact" from Laidlaw's activities. The district court observed that there had been "no demonstrated proof of harm to the environment" from Laidlaw's mercury discharge violations. Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 956 F.Supp. 588, 602 (D.S.C. 1997)("[T]he NPDES permit violations at issue in this citizen suit did not result in any health risk or environmental harm."). The Supreme Court majority held that "the relevant showing, however, is not injury to the environment but injury to the plaintiff...." Friends of the Earth, Inc., 528 U.S. at 181. The Court pointed to the evidence that, in its view, adequately documented injury in fact.

> For example, FOE member Kenneth Lee Curtis averred in affidavits that he lived a half mile from Laidlaw's facility; that he occasionally drove over the North Tyger River, and that it looked and smelled polluted; and that he would like to fish, camp, swim and picnic in and near the river between 3 and 15 miles downstream from the facility, as he did when he was a teenager, but would not do so because he was concerned that the water was polluted by Laidlaw's discharges. For example, he testified that he would like to fish in the river at a specific spot he used as a boy, but that he would not do so now because of his concerns about Laidlaw's discharges.
>
> CLEAN member Angela Patterson attested that she lived two miles from the facility; that before Laidlaw operated the facility, she picnicked, walked, bird watched and waded in and along the North Tyger River because of the natural beauty of the area; that she no longer engaged in these activities in or near the river because she was concerned about harmful effects from discharged pollutants; and that she and her husband would like to purchase a home near the river but did not intend to do so, in past because of Laidlaw's discharges.
>
> CLEAN member Judy Pruitt averred that she live one quarter mile from Laidlaw's facility and would like to fish, hike and picnic along the North Tyger River, but has refrained from those activities because of the discharge. FOE member Linda Moore attested that she lived 20 miles from Roebuck, and

> would use the North Tyger River south of Roebuck and the land surrounding it for recreational purposes were she not concerned that the water contained harmful pollutants. In her deposition, Moore testified at length that she would hike, picnic, camp, swim, boat and drive near or in the river were it not for her concerns about illegal discharges.
>
> CLEAN member Gail Lee attested that her home, which is near Laidlaw's facility, had a lower value than similar homes located farther from the facility, and that she believed the pollutant discharges accounted for some of the discrepancy.
>
> Sierra Club member Norman Sharp averred that he had canoed approximately 40 miles downstream of the Laidlaw facility and would like to canoe in the North Tyger River closer to Laidlaw's discharge point, but did not do so because he was concerned that the water contained harmful pollutants.

Friends of the Earth, Inc., 528 U.S. at 181.

> The above stated evidence, the Court observed, adequately documented injury in fact.
>
> We have held that environmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons 'for whom the aesthetic and recreational values of the area will be lessened' by the challenged activity. Sierra Club v. Morton, 405 U.S. 727 (1972); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 562-563 (1992)("Of course, the desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizant interest for the purpose of standing.").

Friends of the Earth, Inc., 528 U.S. at 181.

Upon consideration of the United States Supreme Court's decision on standing and the direction of the Court of Appeals for the Fourth Circuit to this Court on remand, I now conclude that FOE members Guy Jones and William McCullough and hence Plaintiff Friends of the Earth have the requisite standing to prosecute this action. The Plaintiffs' Motion to Amend the FINDINGS OF FACT and CONCLUSIONS OF LAW and to Alter or Amend the Judgment is **GRANTED**.

Upon further consideration of CLEAN's standing, I conclude that FOE and CLEAN

member Guy Jones and hence CLEAN have the requisite standing to prosecute this action. The Court of Appeals has also held that CLEAN member Wilson Shealy and hence CLEAN demonstrated injury in fact. The parties have filed Motions to Amend or Vacate the FINDINGS OF FACT and CONCLUSIONS OF LAW as to CLEAN's standing. Upon consideration, I conclude that further discussion or action on the motions concerning CLEAN's standing is unnecessary. The death of Mr. Shealy did not divest CLEAN of its standing to prosecute this action. The Defendant's Motion for Relief from the Judgment as to CLEAN's standing is **DENIED**. The Plaintiffs' Motion to Amend the FINDING OF FACT and CONCLUSIONS OF LAW as to CLEAN's standing is **MOOT**.

## II.

This Court entered its FINDINGS OF FACT and CONCLUSIONS OF LAW and Order of Judgment on July 18, 2003. The Defendant has filed several motions which the Plaintiffs contend were not timely filed as required by the Federal Rules of Civil Procedure. On July 23, 2003, the Defendant filed a Motion to Amend the Findings and the Judgment pursuant to Rules 52(b) and 59(e). The Defendant requested and was granted an extension of time within which to file a memorandum in support of the motion. On August 1, 2003, the Defendant filed an Amended Motion to Amend the Findings of Fact and Alter or Amend the Judgment upon the ground that "the Court erred in calculating the civil penalty amount by including matters not covered by the notice letter served by the Plaintiffs." On August 29, 2003, the Defendant filed a memorandum in support of its motion. In its memorandum, the Defendant argued that it is entitled to relief upon four (4) grounds. The Defendant challenges the adequacy of the notice letter; the Court's interpretation of Defendant's fish

studies; the Court's determinations as to particular categories of discharge, monitoring, reporting and schedule of compliance violations; and the Court's calculation of the appropriate civil penalty.  On September 12, 2003, the Plaintiffs filed an opposition memorandum asserting that the Defendant's post trial motions are untimely and arguing that, with respect to the four (4) grounds urged by the Defendant, this Court should deny the requested relief because the stated grounds are not cognizable under Rule 60(a).  However, the Plaintiffs urge that if this Court determines that it will consider the merits of the Defendant's contentions, the Plaintiffs be given twenty (20) days within which to file a memorandum in opposition to the Defendant's Rule 52, 59 and 60 motions.

Upon consideration, I am inclined to consider the merits of the Defendant's motions. The Plaintiffs' request is **GRANTED**.  The Plaintiffs are hereby granted twenty (20) days within which to file a memorandum in opposition to the Defendant's motions.

**IT IS SO ORDERED.**

S/ Matthew J. Perry, Jr.
**MATTHEW J. PERRY, JR.**
**SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**September 16, 2005**