IN THE UNITED STATES DISTRICT COURT
OR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| FRIENDS OF THE EARTH, INC. | § | |
| And CITIZENS LOCAL | § | |
| ENVIRONMENTAL ACTION | § | CIVIL ACTION NO. 3:92-2574-0 (MJP) |
| NETWORK, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| GASTON COPPER | § | |
| RECYCLING CORPORATION | § | |
| | § | |
| Defendant. | § | |

### GASTON COPPER'S OBJECTION TO PLAINTIFFS' PROPOSED OPINION AND ORDER

Defendant Gaston Copper Recycling Corporation ("Gaston Copper" or "Defendant") objects to the Plaintiffs' proposed Opinion and Order (the "Proposed Order") on Plaintiffs' Application for an Award of Litigation Costs, Including Attorneys' Fees and Expert Witness' Fees [Doc. 185] (the "Application") as follows:

### I.  OBJECTIONS

**A.    The Proposed Order Does Not Accurately Reflect the Court's Ruling on Plaintiffs' Application.**

Defendant objects to the Proposed Order on the grounds that Plaintiffs have improperly included a discussion of matters not before the Court and have misstated this Court's findings regarding the Plaintiffs' Application.  For example, Plaintiffs' Proposed Order includes a finding that they would have been entitled to an award of attorneys' fees at 2007 rates (as opposed to 2005 rates) had they requested them.  (*See* Proposed Order at 3).  This issue was not before the Court and the Court did not make a comment, much less a ruling, to that effect during the May 22, 2007 hearing on this matter.  Similarly, the Court did not make a finding there was no block

billing, or comment that it was not "necessary" for counsel to set forth time expended by tasks, as suggested in the Proposed Order. (*See* Proposed Order at 4). Further, the Court made no finding that billing in quarter hour increments resulted in less time billed. (*See* Proposed Order at 4). In fact, the information needed to reach such a conclusion is nowhere in the record before the Court. Therefore, Plaintiffs' statement that Defendant presented no contrary evidence regarding Plaintiffs' billing practices is not appropriate. Finally, the Court made no finding that the Plaintiffs' were entitled to submit additional fee applications. (*See* Proposed Order at 8). Plaintiffs' inclusion of such a finding in their Proposed Order is wholly improper.

As these examples make clear, Plaintiffs have taken great liberties in preparing the Proposed Order and have improperly included findings that were not made by the Court at the May 22, 2007 hearing on the Plaintiff's Application. Therefore, Defendant objects to the entry of Plaintiffs' Proposed Order as not accurately reflecting this Court's ruling on the Application.

**B.      Plaintiffs' Fail to Deduct All Fees Related to Permit Matters From The Fee Award in the Proposed Order.**

Defendant further objects to the Proposed Order on the grounds that Plaintiffs have not accurately stated the amount of attorneys' fees awarded by the Court. Specifically, while the Court expressly denied the Plaintiffs' request for fees related to their work on the permit challenge before the South Carolina Board of Health and Environmental Control (the "Permit Activities"), Plaintiffs have only reduced the original amount of fees requested in the Application by $95,093.40, which is less than the amount Plaintiffs' originally attributed to Permit Activities in their Application. Moreover, the Court specifically instructed the Plaintiffs to deduct all time attributable to Permit Activities, regardless of how it was previously categorized by the Plaintiffs, from the amount of attorneys' fees they were seeking. Defendant has reviewed Plaintiffs' time entries and has determined that, at a minimum, Plaintiffs' original request for

attorneys' fees should be reduced by a minimum of $121,923.50. Thus, Plaintiffs have failed to account for an additional $26,830.10 in fees attributable to Permit Activities in their current calculation. Therefore, as the Plaintiffs have failed to comply with this Court's ruling regarding the amount of attorneys' fees to be awarded, Defendant objects to the Court's entry of the Proposed Order.

**C.    The Proposed Order Does Not Properly Dispose of All of the Issues Before the Court.**

Defendant further objects to the Proposed Order on the grounds that it does not properly dispose of all issues before the Court. The order entered by the Court regarding the Plaintiffs' Application should specifically dispose of Defendant's objections to the Plaintiffs' Application.

## II.  CONCLUSION

As more fully discussed above, Plaintiffs' Proposed Order does not accurately reflect the Court's ruling on Plaintiffs' Application. Therefore, subject to, and without waiving, its previously asserted objections to the substance of the Court's ruling on Plaintiffs' Application Defendant submits a proposed order attached hereto as Exhibit "A", which Defendant believes accurately and thoroughly reflects this Court's ruling thereon.

Respectfully submitted,

NEXSEN PRUET, LLC

By:     */s/Stephen P. Groves, Sr.*

Stephen P. Groves, Sr., Esquire
Federal I.D. No.: 2490
Harold W. Jacobs, Esquire
Federal I.D. No.: 2055
205 King Street, Suite 400
Charleston, South Carolina  29401
Telephone:   843.720.1725
Telecopier:   843.720.1777

Susan M. Halpern
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone:  214.999.3000
Telecopier:  214.999.4667

And

J. James Cooper
Diana Panian Larson
Gardere Wynne Sewell LLP
1000 Louisiana
Suite 3400
Houston, Texas  77381
Telephone: 713.276.5500
Telecopier:  713.276.5555

ATTORNEYS   FOR   DEFENDANT   GASTON
COPPER RECYCLING CORPORATION

## Certificate of Service

I certify that a copy of this motion was served on each party to this appeal by mailing it to the following by _____ on June _____, 2007:

Bruce J. Terris
Kathleen L. Millian
Aamra S. Ahmad
Terris, Pravlik & Millian, LLP
1121 12th Street NW
Washington, DC 20005-4632

*/s/Stephen P. Groves, Sr.*
Stephen P. Groves