UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| FRIENDS OF THE EARTH, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 3:92-2574-MJP |
| GASTON COPPER RECYCLING ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION AND ORDER**

This case is a citizen suit filed by Friends of the Earth, Inc. and Citizens Local Environmental Action Network (hereafter "plaintiffs") against Gaston Copper Recycling Corporation (hereafter "Gaston") pursuant to the Federal Water Pollution Control Act (hereafter "the Clean Water Act"), 33 U.S.C. 1251, *et seq*.

On July 18, 2003, this Court issued Findings of Fact and Conclusions of Law (Doc. No. 166), in which it found Gaston liable for over 800 violations of the Clean Water Act, including discharging pollutants in violation of the discharge limitations in its permits and failing to comply with the requirements for monitoring and reporting the discharge of pollutants. This Court imposed a civil penalty of $2,340,000 for Gaston's violation of its NPDES permits.

On July 18, 2003 this Court also entered an Order (Doc. No. 167, para. 3), stating that "[i]n accordance with 33 U.S.C. §1365(d), the Defendant shall pay the Plaintiffs costs, fees and expenses contemplated by the Act. The Plaintiffs may submit a motion for same within sixty (60) days." On September 16, 2003, plaintiffs filed Plaintiffs' Application for an Award of Litigation Costs, Including Attorney's Fees and Expert Witness' Fees. Doc. No. 185. On April 28, 2005, plaintiffs

filed Plaintiffs' Amendment to Their September 15, 2003, Application for an Award of Litigation Costs, Including Attorneys' Fees and Expert Witness Fees, updating the hourly rates request to rates that were current at that time and requesting an award of fees and expenses of $1,781,623.47. Doc. No. 206. On July 31, 2006, Gaston filed Defendant's Opposition to Plaintiffs' Fees Application. Doc. No. 231. On September 21, 2006, plaintiffs filed their reply in support of their fees motion. Doc. No. 238. Oral argument was heard on May 22, 2007. Doc. No. 272 ("granting in part and denying in part" plaintiffs' fees application).

Upon consideration of the parties' arguments, this Court grants plaintiffs' fees motion in part and denies it in part. As I stated at the May 22, 2007 hearing, I conclude that plaintiffs should be awarded their fees at Washington, D.C. rates because no lawyers in South Carolina would have taken this citizen suit without payment of fees and expenses as plaintiffs' counsel did. As to the amount of the fees award, I find that plaintiffs are not entitled to attorneys' fees for their work relating to the state permit proceeding. I reject Gaston's challenges to the remainder of plaintiffs' fees request and find that plaintiffs are entitled to these fees. Therefore, plaintiffs' motion is granted, except to the extent it seeks fees relating to plaintiffs' work on the permit challenge.

Pursuant to Rule 52(a), this Court's findings of fact and conclusions of law are set forth herein. *See Kelly v. Everglades Drainage Dist*., 319 U.S. 415, 422 (1943) ("there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion"); *Lewis v. Bloomsburg Mills, Inc*., 733 F.2d 561, 576 (4th Cir. 1985).

**I**

I find that plaintiffs are entitled to a fees award based on Washington, D.C. rates. Plaintiffs showed that under *National Wildlife Federation v. Hanson*, 859 F.2d 313 (4th Cir. 1988), and *Rum Creek Coal Sales v. Caperton*, 31 F.3d 169 (4th Cir. 1994), Washington, D.C. rates, where plaintiffs' counsel are located, rather than forum rates, should be used. Plaintiffs demonstrated that "services of like quality were [not] available" in the forum and that it was reasonable to retain non-forum counsel under the *Hanson* and *Rum Creek* test due to the extensive experience of plaintiffs' counsel in litigating citizen suits under the Clean Water Act and the unavailability of any counsel in South Carolina with expertise in the area of litigation and the willingness to undertake this litigation without compensation of their clients, even for expenses, as plaintiffs' counsel were willing to do. As I stated at the May 22, 2007 hearing, the affidavits submitted by plaintiffs of Robert Guild and James Chandler establish that no South Carolina attorneys who represent plaintiffs would have been able to handle this case, particularly without contemporaneous payment for fees and expenses. Furthermore, plaintiffs showed that the requested Washington, D.C. rates are comparable to South Carolina rates for complex litigation, such as this case.

I also find that plaintiffs are entitled to 2005 rates in order to account for the delay in payment. *See Missouri v. Jenkins*, 491 U.S. 274, 284 (1989) ("compensation received several years after the services are rendered * * * is not the equivalent to the same dollar amount received reasonably promptly as the legal services are performed"). This case was brought in 1992 and plaintiffs' counsel have received no compensation to date. Therefore, under *Missouri v. Jenkins*, if they had requested 2007 rates, they would have been entitled to them.

## II

I agree with Gaston that the hours claimed by plaintiffs for their work on the permit challenge before the South Carolina Board of Health and Environmental Control is not compensable. Plaintiffs are denied their fees sought for that work. Plaintiffs' counsel Terris, Pravlik & Millian, LLP segregated their work challenging the permit under the Category heading "Permit Activities." *See* Pl. Exs. 6, 7. Plaintiffs' counsel Robert Guild also described his work challenging the permit in his time records. *See* Pl. Ex. 15. Therefore, I have cut only the work of plaintiffs' counsel relating to the permit challenge.

As to the remaining fees request, I reject Gaston's challenges and award plaintiffs those fees.

Plaintiffs' counsel did not engage in block-billing. Plaintiffs' counsel described the Category and Subcategory of each task for which they sought compensation. Pl. Ex. 1, para. 19. Consequently, defendant and the Court could ascertain how much work was expended by counsel on each major activity in the case. It is not necessary for counsel to set forth the time expended on each individual task, such as each meeting and telephone call, separate from other tasks.

The record adequately show that the practice of plaintiffs' counsel to bill in 15-minute increments, rather than 6-minute increments resulted in less time billed than would have been billed through the use of a smaller billing increment. Plaintiffs presented an affidavit from an expert on law practice stating that the use of shorter increments increases billing (Pl. Exs. 38, 39) and an affidavit of their own counsel stating that billing increased when plaintiffs' counsel started billing in one-minute increments (Pl. Ex. 36, para. 22). Defendant presented no evidence to the contrary.

I find that the time sought by plaintiffs for their counsel's work preparing three sets of Findings of Fact and Conclusions of Law was reasonable. The first set of findings and conclusions

was filed in 1995. The second set of findings and conclusions was submitted in 1997 following the re-argument of the case in August 1997. The original findings and conclusions were revised in order to respond to a new argument raised by defendant in its Amended Answer, filed on August 12, 1997, asserting as a defense that plaintiffs' notice letter was inadequate, to update the case law relied upon in the 1995 version with relevant authority that had been decided in the subsequent two years, and to update the description of defendant's violations of its NPDES permit and all related exhibits, based on documents obtained by plaintiffs in the two years that had elapsed since the trial. The third set of findings and conclusions was submitted at the Court's request in February 2001 following remand of the case from the court of appeals. Due to the passage of four years since the last version of the Findings and Conclusions was prepared, the entire document had to be carefully reviewed, edited, and updated in light of more recent case authority and the decision of the court of appeals. Pl. Ex.1, paras. 20(19), 20(22), 20(27); Pl. Ex. 6, pp. 11-13; Pl. Ex. 36, paras. 24-27.

The time expended in litigating plaintiffs' summary judgment motion was also reasonable. This time included preparation of plaintiffs' initial brief in support of the motion, preparation of the four violations lists supporting the motion, review and updating of the ten Article III standing affidavits supporting the motion, review of defendant's opposition brief and motion to stay, preparation of plaintiffs' reply brief, and preparation for and appearance at the oral argument on the motion. Pl. Ex. 1, para. 20(19); Pl. Ex. 6, p. 7; Pl. Ex. 36, paras. 28-29, 33; Pl. Ex. 49.

I also find that the time expended for plaintiffs' discovery was reasonable. The discovery included preparing two sets of interrogatories and document requests, reviewing defendant's responses to the interrogatories and document requests, including approximately 12,500 pages of documents produced by defendant, conducting three rounds of Rule 30(b)(6) depositions of

defendant, conducting depositions of the witnesses who defendant identified on the eve of trial, litigating a motion to compel and defendant's motion for reconsideration of the order compelling production, pursuing discovery of defendant's corporate parent, Southwire, due to defendant's claimed inability to pay a civil penalty for its permit violations, and conducting a site visit of defendant's facility.   Pl. Ex. 1, para. 20(6); Pl. Ex. 36, para. 31.

The time expended with regard to attorneys' fees was also reasonable.  Shortly before the 1995 trial, the Court informed the parties that fees would be tried with the merits.  The Court subsequently decided not to consider the issue of attorneys' fees together with the merits.  Plaintiffs therefore filed the pending application in 2003, after the Court decided the merits.  Obviously, the 2003 application was not the same as the 1995 application, since much of the litigation transpired after June 1995, including the trial.  In addition to the preparation of two applications, the time in this category involves the time expended in 1995 to depose the attorneys that defendant offered as witnesses on fees issues and to litigate defendant's motion to quash and for a protective order in response to plaintiffs' discovery relating to the time and hourly rates of defendant's counsel.  Pl. Ex. 36, para. 32; Pl. Ex. 6, p. 14; Pl. Ex. 7, Nos. 1498-1512; Pl. Ex.  42, paras. 2-4.

Plaintiffs' travel time and expenses are also compensable.  Since it was reasonable for plaintiffs to retain Washington, D.C. counsel, the fees and expenses associated with travel time are compensable.  Furthermore, had plaintiffs retained forum counsel who had to travel from elsewhere in the State to reach the courthouse, such counsel would have expended time and incurred expenses for such travel.  Indeed, it is possible that such counsel would have incurred greater travel time than plaintiffs' counsel if such counsel drove to the courthouse instead of using public transportation as

plaintiffs' counsel did. By using public transportation, plaintiffs' counsel were often able to work on substantive matters while traveling. Pl. Ex. 36, para. 14; Pl. Ex. 42, para. 5.

This Court finds that the fees for conferences between counsel are reasonable because the purpose of each conference is evident from the Category and Subcategory used for each time record. *See, e.g.,* Pl. Ex. 7, No. 81.

This Court also finds that plaintiffs' time records are sufficiently detailed because their use of Categories and Subcategories for their time records tell the reader how the attorney or paralegal expended their time. Further information is not required or needed. *See Copeland v. Marshall*, 641 F.2d 880, 891 (1980)(*en banc*).

Defendant contends that some of plaintiffs' time records are per se unreasonable because they are excessive. However, defendant has not identified its reasons for this argument with adequate detail to allow plaintiffs to respond. Therefore, defendant's argument in this regard is not properly before the Court. *See Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720, 721 (1989).

I find that plaintiffs' expert fees should be awarded in their entirety. Plaintiffs submitted the invoices and time records of their experts. *See* Pl. Exs. 44, 46. Plaintiffs also provided a brief affidavit from each expert describing the work performed by the expert. *See* Pl. Exs. 43, 45. Based on this documentation, plaintiffs are entitled to their expert fees. The expenses of plaintiffs' counsel are also awarded in full because plaintiffs' expense records are both sufficiently detailed and reasonable.

For these reasons, it is ORDERED that plaintiffs' fees motion is GRANTED in part and DENIED in part. Plaintiffs are awarded attorneys' fees of $1,492,513.59 and expenses of $168,873.13, for a total of $1,661,386.72.

Plaintiffs' fees application sought fees through August 31, 2003. Plaintiffs may submit a request for fees and expenses incurred after August 31, 2003, no later than 60 days after the date of entry of this Order.

                                              s/MATTHEW J. PERRY, JR.
                                              SENIOR UNITED STATES DISTRICT JUDGE

August 15, 2007